```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
GWENDOLYN HAIRSTON,                                 :
individually and as representative of the           :     CASE NO. 1:09-CV-803
estate of CARMEN WRIGHT,                            :
                                                    :
            Plaintiff,                              :
                                                    :
        v.                                          :     OPINION & ORDER
                                                    :     [Resolving Doc. Nos. 42 & 43.]
CITY OF CLEVELAND HEIGHTS, et al.,                  :
                                                    :
            Defendants.                             :
                                                    :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Defendants have moved for summary judgment in this § 1983 wrongful death action brought by Gwendolyn Hairston, mother of the late Carmen Wright. [Doc. 42; Doc. 43.] Plaintiff Hairston has not responded to the Defendants' motion. For the following reasons, the Court **GRANTS** the Defendants' summary judgment motion.

The Plaintiff brought this § 1983 and state tort action against the City of Cleveland Heights and its paramedics following the April 2008 death of her daughter, Carmen Wright. On the date of her death, Wright dialed 911, complaining of dizziness and shortness of breath. The City's paramedics responded to the call. Although the Plaintiff alleges that the paramedics failed to provide Wright with adequate medical care (thereby causing her death several days later), all of the evidence in the record belies those allegations. The paramedics tested Wright's vital signs and found them to be normal. [Doc. 42-2 at 7; Doc. 42-3 at 1, 5; Doc. 42-4 at 1; Doc. 42-5 at 1.] They provided her

Case No. 3:06-CV-1362
Gwin, J.

basic life support services. [Doc. 42-3 at 8.] They also advised her to seek medical treatment and offered to transport her to the hospital—but she refused the offer both verbally and in writing. [Doc. 42-2 at 12; Doc. 42-3 at 1; Doc. 42-4 at 1; Doc. 42-5 at 1.]

After considerable discovery, the Defendants have moved for summary judgment on all of the Plaintiff's claims. Despite receiving an extension until November 24, 2009 to respond to the Defendants' summary judgment motion, the Plaintiff has failed to filed any response to date. [Doc. 51.] Once a defendant moving for summary judgment satisfies its initial burden of showing the absence of a genuine factual issue on an essential element of the plaintiff's claim, the burden shifts to the nonmoving plaintiff to set forth specific facts showing a triable issue. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Here, by failing to respond to the Defendants' summary judgment motion, the Plaintiff has failed to meet her burden of pointing to specific facts showing a genuine factual issue.

In any event, after conducting its own review of the record in the light most favorable to the Plaintiff, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970), the Court concludes that all of the Plaintiff's claims fail as a matter of law.

First, the Plaintiff's § 1983 claim against the paramedics fails on qualified immunity grounds because the Plaintiff has not established any violation of a constitutional right. *See, e.g., Williams v. Mehra,* 186 F.3d 685, 691 (6th Cir. 1999) (en banc). Her sole allegation is that Wright "did not receive adequate care by a medical provider in a timely manner." [Doc. 2 at ¶ 22.] The Supreme Court and Sixth Circuit have explained that (subject to exceptions not applicable here) the Constitution does not require state actors to provide adequate, timely medical care. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 198 (1989); *Peete v. Metro. Gov't of*

Case No. 3:06-CV-1362
Gwin, J.

*Nashville & Davidson County*, 486 F.3d 217, 223 (6th Cir. 2007); *Jackson v. Schultz*, 429 F.3d 586 (6th Cir. 2005). Further, because § 1983 claims against a municipality are not viable on a *respondeat superior* theory, the Plaintiff's first claim against the City also fails. *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978).

For the same reason, the Plaintiff's "custom or policy" § 1983 claim against the City fails. A plaintiff may not maintain a § 1983 claim against a municipality if she fails to establish a constitutional violation by the individual municipal officer(s). *See, e.g.*, *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001) ("If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983.") (citation omitted).

Finally, the Plaintiff's Ohio tort claims fail because the Ohio Revised Code grants immunity to paramedics and their municipal employers from tort claims based on their provision of emergency medical services. *See* Ohio R.C. § 4765.49(A) ("[An] emergency medical technician paramedic is not liable in damages in a civil action for injury, death, or loss to person or property resulting from the individual's administration of emergency medical services, unless the services are administered in a manner that constitutes willful or wanton misconduct . . . ."); Ohio R.C. § 4765.49(B) ("A political subdivision . . . is not liable in damages in a civil action for injury, death, or loss to person or property arising out of any actions taken by a . . . paramedic working under the [political subdivision's] jurisdiction . . . unless the services are provided in a manner that constitutes willful or wanton misconduct."). No evidence in the record suggests that the paramedics' response constituted "willful or wanton misconduct." *Cf. Sullivan v. Bruce*, 250 F.2d 453, 454 (6th Cir. 1957) (explaining that "willful or wanton misconduct" must "manifest[] a disposition to perversity" and

Case No. 3:06-CV-1362
Gwin, J.

consciousness that conduct "would in all probability result in injury to the Plaintiff"). To the contrary, the paramedics responded to Wright's 911 call, took her vital signs, and provided basic life support. [Doc. 42-2 at 7; Doc. 42-3 at 1, 5, 8; Doc. 42-4 at 1; Doc. 42-5 at 1.] Notwithstanding the fact that all of her signs were normal, the paramedics offered to transport her to the hospital, but she refused. [Doc. 42-2 at 12; Doc. 42-3 at 1; Doc. 42-4 at 1; Doc. 42-5 at 1.] It is difficult to imagine what more the Plaintiff would have had the paramedics do in that situation. In any event, what they did do was not "willful or wanton misconduct."

For the foregoing reasons, all of the Plaintiff's claims fail as a matter of law. Accordingly, the Court **GRANTS** the Defendants' motion for summary judgment.

IT IS SO ORDERED.


Dated: December 16, 2009         s/         *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE